The opinion was delivered at the October term, 1852.
Shaw, C. J.
The only question in the present case is, whether the discharge under the insolvent laws, relied upon by the defendant, was a legal and valid discharge, as granted *106 by the commissioner of insolvency. Upon the facts, as they appear by the statement, the insolvent insists, first, that the law requiring three fourths in value of the creditors to assent to his discharge, (St. 1844, c. 178, § 5,) was repealed by the subsequent St. 1848, c. 304, § 9, and that by the latter provision the consent of one half only in number and amount was required to warrant the commissioner in giving him a valid discharge, and that he had one half, supposing the plaintiff’s debt to be properly computed; and second, that the plaintiff’s debt could not be taken into consideration, because, though presented before the discharge was granted, it was rejected by the commissioner, and although the creditor appealed, the commissioner was not bound to wait the result of that appeal, in order to give the creditor an opportunity to dissent, and that three fourths in number and amount, that is, all of the creditors, who had then proved their debts, had filed their assent, and that he was therefore entitled to his discharge under the statute.
By St. 1844, c. 178, § 4, it is provided, that if the assets do not pay fifty per cent of the claims proved, the debtor shall have his discharge, unless a majority in value of his creditors, who shall have proved their claims, shall dissent within six months after the date of the assignment. The fifth section provides for a different case, as follows: No discharge of a debtor shall be granted or valid, if said debtor shall be a second time insolvent, and the assets of his estate shall fail to pay fifty per cent, unless three fourths in value of the creditors, whose claims are proved, shall assent thereto in writing. This is clear and explicit; but it is contended that it is repealed by the subsequent St. 1848, c. 304, § 9. That provides that no insolvent, whose assets do not pay fifty per cent, shall be discharged, unless a majority, in number and value, shall assent in writing within six months. And by § 16 of this last statute St. 1844, c. 178, § 4, above cited, is repealed.
It appears to us, that § 9 of the statute of 1848 was intended as a substitute for § 4 of the statute of 1844, by substituting a more stringent provision. By § 4 of St. 1844, the creditor might have his discharge, unless a majority should *107 dissent; by this clause, the insolvent not paying fifty per cent, shall not be discharged, unless a majority in number and value assent in writing.
But it is argued, that as § 9 of the last act omits all allusion to debtors a second time insolvent, this clause intends to put aL insolvents not paying fifty per cent on the same footing, requiring only half the creditors in number and amount to assent. If both provisions had been positive instead of negative, there would have been force in this argument; if a former law had provided that an insolvent a second time, not paying fifty per cent might be discharged on the consent of three fourths, and a subsequent act had said that insolvents not paying fifty per cent, might be discharged by the consent of one half in number and amount, saying nothing of any insolvent a second time, it might have been well argued, that the latter repealed the former even without express words. But the provisions are both negative, and provide for different cases. The former provision declares, that if a second time insolvent, and he does not pay fifty per cent, he shall not be discharged, unless upon express assent of three fourths. The subsequent statute provides, that if his assets do not pay fifty per cent, he shall not be discharged but upon the assent of one half in number and amount. There is nothing repugnant, they provide for different cases, and they both will stand together.
The case of this insolvent brings him under both of these disabilities; he is a second time insolvent, and his assets do not pay fifty per cent, and therefore he could not be discharged but upon the express consent of three fourths of his creditors.
2. The next question is, whether the insolvent had not obtained and filed the assent in writing of the three fourths in value of the creditors, whose claims were proved. He certainly had, unless the plaintiff’s claim, which was presented and rejected, he having appealed from such rejection, is to be taken into consideration, or unless the commissioner was bound to await the result of that appeal before acting on the question of discharge.
The words of these statutes are very strong, in their provirions, giving the right to assent or dissent in various cases to *108 those who shall have proved their claims. The clause already cited, St. 1848, c. 304, § 9, is, “ no insolvent, whose assets do not pay,” &e., “ shall receive a discharge, unless a majority,” &c., “ of creditors, who have proved their claims, shall assent.” But the same provisions look to the expiration of six months as the time at which the creditor may claim his discharge, and the commissioner act upon it. The ninth section, already cited, provides, that “ in no case shall a certificate of discharge be granted until the third meeting of the creditors, nor at any time except at a meeting of the creditors.” As the statutes fix six months as the time within which the assent is to be given, and the discharge acted on, the right to assent or dissent is by necessary implication limited to those who shall have then proved their debts. We the more readily adopt this plain and literal construction, because, if we were to adopt any other, it would prohibit the commissioner from acting on the insolvent’s application for a discharge, so long as any claim is outstanding in any of the courts of law, however frivolous or doubtful such a claim may appear to be. Such indefinite postponement would be the only alternative. It is very clear, that a person, claiming to be a creditor, whose claim has been rejected, could not stand in a place, or exercise a power, given by law to one whose debt has been proved. To the hour when this question arose, the plaintiff had not proved any debt; his only ground is, that he had made a claim, which he was still prosecuting in the law, and which might at some future time ripen into a debt. We think, therefore, the plaintiff’s claim could not be recognized or taken notice of, and that the insolvent had the assent of three fourths of the creditors whose claims were proved.
On the whole, the court are of opinion, that the discharge >f the insolvent was rightly granted, and is legal and valid.

Judgment for the defendant.